**LAW OFFICES OF JAMES H. ROHLFING**  2021073159
By: Suzanne D. Montgomery, Esquire – Attorney ID# 018552006
525 Route 73 North, Suite 407, Marlton, NJ
**Mailing Address: P.O. Box 2903, Hartford, CT 06104-2930**
(856) 703-2137 | f: 855-857-9823
**Attorney for Petitioner, Riverside Marina & Yacht Sales LLC as owner of 2021 Brigg 6.7 Eagle vessel and Anthony Tumas, as operator of the vessel**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>OF<br><br>RIVERSIDE MARINA & YACHT SALES, LLC AS OWNER OF A 2021 BRIGGS 6.7 EAGLE VESSEL AND ANTHONY TUMAS, AS OPERATOR OF THE VESSEL<br>　　　　　　　Petitioner | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRIC OF NEW JERSEY<br>-<br>DOCKET NO.<br><br>**CIVIL ACTION**<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

RIVERSIDE MARINA & YACHT SALES, LLC and Anthony Tumas (hereinafter "Petitioners"), by their attorneys, Law Offices of James H. Rohlfing, for their Complaint seeking Exoneration from or Limitation of Liability, allege, upon information and belief, as follows:

1. This is a proceeding for Exoneration from, or Limitation of, Liability, pursuant to 46 U.S.C. Section 30501 et seq., involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2. Petitioner, Riverside Marina & Yacht Sales, LLC is located at 74 Norman Avenue in Riverside, New Jersey 08075 and was the owner of a 2021 Briggs 6.7 Eagle vessel (hereinafter referred to as the "VESSEL").

3. Petitioner, Anthony Tumas, was employed as a sales manager for Riverside Marina & Yacht Sales, LLC and was operating the vessel on behalf of Riverside Marina & Yacht Sales, LLC.

4. Jeffrey Schaffer entered into an agreement to purchase the VESSEL on April 1, 2021 but had the right to accept or decline the VESSEL based on a sea trial.

5. On or about April 6, 2021, Jeffrey Schaffer was a passenger on the vessel with a sales manager, Anthony Tumas and the vessel was navigating in the Delaware River whereupon an accident occurred. The only passengers on the vessel were Anthony Tumas and Jeffrey Schaffer. It is alleged that the boat made contact with something and both passengers were ejected from the boat. Upon information and belief, Mr. Schaffer is alleging injury as a result of the accident. Any claim or claims were not due to any fault, neglect or want of care on the party of Petitioners and occurred without Petitioners' privity or knowledge.

6. Petitioners are not aware that any lawsuits have been filed at this time. The only passenger on the boat, Jeffrey Schaffer is represented by counsel and is claiming personal injuries. Notice of this exoneration action will be sent to counsel for Mr. Schaffer.

7. The post-casualty salvage value of the VESSEL has been determined to be $58,626.19. (See Exhibit A, Affidavit of A. William Gross, Surveyor).

8.   Petitioners, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Rule F, offers an Ad Interim Security in the amount of $58,626.19 said amount being not less than the value of Petitioners' interest in the VESSEL on the date of the incident and there being no pending freight.

9.   Venue in this district is proper because the incident occurred in this district, and the Petitioner is located in this district.

10.   Petitioners are entitled to exoneration from liability for any claims arising from this incident and from any and all claims that have been or may hereafter be made and Petitioners allege that they have valid defenses thereto on the facts and law.

11.   Petitioners claim, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. Section 30501 et. seq. and the various statutes supplementary thereto and amendatory thereof.

12.   Petitioners have provided security herewith in the form of Ad Interim Security sufficient to cover their interest in the vessel with surety ("Ad Interin Security") for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims and Asset Forfeitures of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

WHEREFORE, Petitioners pray:

(1)   That this Court adjudge that Petitioners are not liable for any loss, injury, or damage arising out of the incident; or

(2) If the Petitioners are adjudged liable, that such liability be limited to the value of their interest in the VESSEL in the maximum amount of $58,626.19 and that Petitioners be discharged there from upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such Claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability.

(3) That this Court issue an Order to include the following:

(a) Directing the issuance of Notice to all persons asserting claims with respect to the incident which this Complaint seeks Exoneration from, or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner and undersigned counsel a copy thereof on or before a date to be named in the Notice.

(b) Upon information and belief, Jeffrey Schaffer is represented by Jeffrey J. Zenna, Esquire of the law firm of Blume Forte Fried Zerres and Molinari. He will be served a copy of the Notice and Complaint directly by certified mail.

(c) Directing Petitioners to file an Ad Interim Security, as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the VESSEL as of the date of the accident, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall order.

(d) Directing that upon Petitioners' filing of an Ad Interim Security, an injunction shall issue enjoining the prosecution against Petitioner, his

representatives, insurers and VESSEL, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

      (4)    That Petitioners may have such other and further relief as the justice of the cause may require.

**LAW OFFICES OF JAMES H. ROHLFING**

By:   /s/ Suzanne Montgomery
      Suzanne D. Montgomery, Esq.
      Attorneys for Petitioners

Date: October 1, 2021

TO:   Jeffrey Zenna, Esquire
      Attorney for Jeffrey Schaffer
      Blume, Forte, Fried, Zerres & Molinari
      One Main Street
      Chatham NJ 07928